IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TERRY SUTPHEN** <br> 986 Section Line 30 <br> Bellevue, OH 44811, <br><br> and <br><br> **BEVERLY SUTPHEN** <br> 986 Section Line 30 <br> Bellevue, OH 44811, <br><br> Plaintiffs, <br><br> v. <br><br> **SGI ENTERPRISES, INC.** <br> c/o Agent: FBT OHIO, INC. <br> 3300 Great American Tower <br> 301 East Fourth Street <br> Cincinnati, Ohio  45202, <br><br> Defendant. | Case No. 3:22-cv-1299 <br><br> Judge <br><br> **COMPLAINT** <br><br> Florence A. Murray (0080292) <br> Charles M. Murray (0052083) <br> William H. Bartle (0008795) <br> **MURRAY & MURRAY CO., L.P.A.** <br> 111 East Shoreline Drive <br> Sandusky, Ohio  44870-2517 <br> Telephone:  (419) 624-3000 <br> Facsimile: (419) 624-0707 <br><br> *Attorneys for Plaintiffs* <br><br> **JURY DEMAND ENDORSED HEREON** |

**COUNT ONE**

Now come Plaintiffs, Terry and Beverly Sutphen, by and through counsel, and file this declaratory judgment action against SGI Enterprises, Inc., regarding the application of R.C. §4123.93 and §4123.931, stating as follows:

(1)     Plaintiffs, Terry and Beverly Sutphen, state that Taurean Sims was involved in a clear liability multi-vehicle collision, on or about 8-20-2018, in which Taurean J. Sims, while operating a tractor/trailer, as an employee and/or agent of Clifford B. Finkle, Jr., Inc., negligently drove onto the berm of the Ohio Turnpike, striking a vehicle parked on the berm, operated by

Elmer J. Kropf, as an employee and/or agent of P&P Transportation Services, Inc.. The tractor/trailer operated by Sims then struck the tractor/trailer driven by Terry Sutphen, causing him to sustain multiple severe injuries, including a fractured neck, severe shoulder injuries, bladder injuries, lacerations, and a traumatic brain injury.

(2) The circumstances surrounding Plaintiffs' claims and injuries are more fully set forth in a Complaint filed in the United States District Court for the Northern District of Ohio, Western Division, Case No. 3:20-cv-00648, including Plaintiffs' First Amended Complaint, which is incorporated herein by reference.

(3) On or about 5-23-2022, as a result of a multi-day mediation, Plaintiffs settled their claims with respect to Defendants, Taurean J. Sims, Clifford B. Finkle, Jr., Inc., Elmer J. Kropf, P&P Transportation Services, Inc., and Midwest Construction Services, Inc. dba Trillium Driver Solutions. As part of the settlement, Plaintiffs agreed to be responsible for the Workers' Compensation subrogated amount, pursuant to the provisions of R.C. §4123.93, and §4123.931. These sections, created on behalf of the State of Ohio and Self Insuring Employers (statutory subrogees), a subrogated interest in injured worker's third party tort claims for Workers' Compensation benefits paid to injured workers.

(4) Senate Bill 227, enacting R.C. §4123.93 and §4123.931, became effective on or about 4-8-2003.

(5) Plaintiffs, pursuant to Ohio's Declaratory Judgment Statute and Ohio's Common Law, request this Court to interpret these sections, and to apply them to the facts and settlement in this case.

(6) SGI Enterprises, Inc. (SGI, Inc.), according to the documents on file with the Ohio Secretary of State, is a corporation formed under the laws of the State of Nevada on or

about 12-20-1995. This corporation's principal office is located at 311 S. Division Street, Carson City, Nevada 89703. The agent for service of process is FBT Ohio, Inc., located at 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202. This diversity action is brought pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of the State of Ohio, and Defendant is a citizen of the State of Nevada.

(7) SGI Enterprises, Inc. has represented to Plaintiffs' counsel through its counsel, Chris Benintendi, with the law firm of Dinsmore & Shohl, that SGI Enterprises, Inc. is the employer for Workers' Compensation purposes, and is financially responsible for the Workers' Compensation claims, and is the payor on the Sutphen Workers' Compensation claim, in a 12-20-2021 e-mail.

(8) Defendant, SGI Enterprises, Inc., contends that it is entitled to reimbursement, dollar for dollar, without taking into account the attorneys' fees and litigation expenses incurred. This Defendant refuses to follow the formula set forth in R.C. §4123.931, setting forth the methodology to be followed in determining the amount of the subrogated interest, despite the clear language of R.C. 4123.93(E), defining the "net amount recovered" as excluding attorneys' fees, costs, and other expenses incurred by the claimant in securing the recovery, as well as punitive damages.

(9) Plaintiffs state that the interest of Plaintiffs and Defendant are adverse. Disputes exist between Plaintiff and Defendant, SGI Enterprises, Inc., as to the application of R.C. §4123.93 and §4123.931 in this case, which this Court needs to resolve.

**WHEREFORE**, Plaintiffs request that this Court examine the provisions of Senate Bill 227, in particular, R.C. §4123.93 and §4123.931, and determine the amount of the subrogated interest under these statutory sections.

## **COUNT TWO**
**(As To SGI Enterprises, Inc.)**

Now come Plaintiffs, Terry and Beverly Sutphen, by and through counsel, and file this tortious interference with business and contractual relationship claim against SGI Enterprises, Inc., stating as follows:

(10) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(11) The settlement referenced in paragraph 3 of this Complaint was contingent upon Plaintiffs resolving the subrogated Workers' Compensation claim(s) of Defendant, SGI Enterprises, Inc.

(12) Plaintiffs have attempted to resolve the subrogated claims of this Defendant by paying them what was owed pursuant to the formula set forth in R.C. §4123.931, and placing that sum into an escrow account pending the determination of the correct amount by this Court. This Defendant has rejected Plaintiff's offer of payment of the subrogated interest in accordance with R.C. §4123.931, instead demanding payment for all sums paid, which Defendant, SGI Enterprises, Inc., asserts to be Two Hundred Seventy-Seven Thousand One Hundred Ninety Nine and 84/100 Dollars ($277,199.84), which is contrary to and has no basis in law, and is contrary to the statutorily created right of subrogation found in R.C. §4123.93 and 4123.931.

(13) Plaintiffs entered into a settlement agreement with Defendants, Taurean J. Sims, Clifford B. Finkle, Jr., Inc., Elmer J. Kropf, P&P Transportation Services, Inc., and Midwest Construction Services, Inc. dba Trillium Driver Solutions. Defendant, SGI Enterprises, Inc., knew of the settlement agreement between the Plaintiffs and the aforementioned parties. Defendant, SGI Enterprises, Inc., has intentionally procured a breach of the settlement agreement by refusing to accept the amount of the subrogated interest due Defendant, SGI Enterprises, Inc.,

4

pursuant to R.C. §4123.93 and §4123.931. In fact, this Defendant, SGI Enterprises, Inc., has informed the settling parties that if the settlement proceeds are paid, even if the amount owed were held in escrow, this Defendant will file a legal action against the settling parties. This Defendant lacks any justification for demanding more than the amount of their statutorily created subrogated interest. This Defendant intentionally refuses to accept what is due, in order to obtain/extort monies to which it is not legally entitled. As a direct result of this Defendant's wrongful conduct, Plaintiffs have been unable to receive the settlement proceeds agreed to.

(14) Defendant, SGI Enterprises, Inc.'s, intentional and malicious conduct has prevented Plaintiffs from receiving the settlement proceeds from the settling parties referenced in paragraph 3 and paragraph 12 of this Complaint. Defendant, SGI Enterprises, Inc.'s, intentional and malicious conduct caused the settling parties to breach the settlement agreement.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, SGI Enterprises, Inc., for compensatory damages in a sum in excess of $75,000.00, being the amount of the settlement proceeds which they were to receive from the settling parties, minus the amount of the subrogated interest in accordance with the formula(s) set forth in R.C. §4123.931, plus interest, attorneys' fees and litigation expenses for bringing this action, and for punitive damages in such amount as is determined by the trier of fact. Plaintiffs further respectfully request any other relief to which they are entitled either in law or in equity.

> */s/Florence A. Murray*
> Florence A. Murray (0080292)
> fam@murrayandmurray.com
> Charles M. Murray (0052083)
> cmm@murrayandmurray.com
> William H. Bartle (0008795)
> whb@murrayandmurray.com
> MURRAY & MURRAY CO., L.P.A.

        111 East Shoreline Drive
        Sandusky, Ohio  44870-2517
        Telephone:  (419) 624-3000
        Facsimile: (419) 624-0707

        Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury in the above-styled cause of action.

        */s/Florence A. Murray*
        Florence A. Murray (0080292)
        MURRAY & MURRAY CO., L.P.A.

        Attorney for Plaintiffs